# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| DEIRDRE HOBLEY, ET AL. | CIVIL ACTION NO. 18-1307 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| KANSAS CITY SOUTHERN RAILWAY CO., ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Defendant Kansas City Southern Railway Company ("Defendant") is before the Court on an unopposed Motion to Dismiss (Record Document 7) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons stated below, Defendant's motion is **GRANTED**.

Rule 8(a)(2) of the Federal Rules of Civil Procedure governs the requirements for pleadings that state a claim for relief, requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The standard for the adequacy of complaints under Rule 8(a)(2) is now a "plausibility" standard found in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and its progeny. Under this standard, "factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555-556. If a pleading only contains "labels and conclusions" and "a formulaic recitation of the elements of a cause of action," the pleading does not meet the standards of Rule 8(a)(2). Iqbal, 556 U.S. at 678 (citation omitted).

Federal Rule of Civil Procedure 12(b)(6) allows parties to seek dismissal of a party's pleading for failure to state a claim upon which relief may be granted. In deciding

a Rule 12(b)(6) motion to dismiss, a court generally "may not go outside the pleadings." Colle v. Brazos Cty., Tex., 981 F.2d 237, 243 (5th Cir. 1993). Additionally, courts must accept all allegations in a complaint as true. See Iqbal, 556 U.S. at 678. However, courts do not have to accept legal conclusions as facts. See id. Courts considering a motion to dismiss under Rule 12(b)(6) are only obligated to allow those complaints that are facially plausible under the Iqbal and Twombly standard to survive such a motion. See id. at 678-679. If the complaint does not meet this standard, it can be dismissed for failure to state a claim upon which relief can be granted. See id.

Defendant argues that Plaintiff's complaint (Record Document 1-3) should be dismissed under Rule 12(b)(6), because it fails to state a claim upon which relief can be granted. Specifically, Defendant argues that Plaintiff's allegations are vague and conclusory, and that, as a result, her complaint fails to meet the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure. The Court has reviewed Plaintiff's complaint and agrees that Plaintiff has failed to state a claim upon which relief can be granted, as the allegations found in the complaint are conclusory and vague. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007) ("While a complaint attacked by a motion to dismiss for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."). The Court also notes that Plaintiff did not file opposition to the current Motion to Dismiss, nor did she request leave to amend her complaint. As such, the Court will not grant leave to amend.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss (Record Document 7) is **GRANTED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 7th day of June, 2019.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT